In re PATRICK.

(Supreme Court, Appellate Division, First Department. January 28, 1910.)

1. JUDGMENT (§ 476*)—COLLATERAL ATTACK.

The Court of General Sessions having jurisdiction to try respondent for murder, the regularity of the proceedings in such court by which he was convicted could not be inquired into collaterally on an application to strike respondent's name from the roll of attorneys, in the absence of an allegation that the Court of General Sessions did not have jurisdiction over his person, or that he was not the person named in the record.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 476.*]

2. ATTORNEY AND CLIENT (§ 56*)—DISBARMENT—CONVICTION OF FELONY.

Judiciary Law (Laws 1909, c. 35 [Consol. Laws, c. 30]) § 88, subd. 3, provides that, whenever any attorney shall be convicted of a felony there may be presented to the Appellate Division a certified or exemplified copy of the judgment, and thereupon the person's name shall be stricken from the roll by order of court. *Held*, that such provision was mandatory, and that it was therefore the duty of the court to strike the name of an attorney from the rolls on presentation of a certified or exemplified copy of a judgment convicting him of a felony.

[Ed. Note.—For other cases, see Attorney and Client, Dec. Dig. § 56.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Application to strike the name of Albert T. Patrick from the roll of attorneys and counselors at law. Granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Einar Chrystie, for petitioner.

Albert T. Patrick and William L. McDonald, for respondent.

PER CURIAM. Upon the petition of the Bar Association of the City of New York, alleging that the respondent was duly admitted to practice as attorney and counselor at law in the courts of the state of New York at a General Term of the Supreme Court in the First Department in November, 1892, and that on the 25th of April, 1901, the respondent was convicted of murder in the first degree, as appears from a copy, duly certified, of the minutes of the Court of General Sessions of the Peace, held on the 7th day of April, 1902, the petitioner moved that the name of the said Albert T. Patrick, so convicted, be stricken from the rolls of attorneys. The respondent filed an answer to this petition, in which he denies that he has ever been duly convicted of murder, or any other felony, or by a court having constitutional authority to convict him (a) as constituted, or (b) on the proceedings had.

There is no denial that the respondent is the person named in the record attached to the petition. The Court of General Sessions having jurisdiction to try the respondent for the crime of murder, in the absence of an allegation that the court did not have jurisdiction over the person of the defendant, or that the respondent was not the person named in the record, the record is conclusive. The regularity of the proceeding which resulted in the conviction of the respondent cannot be inquired into in this proceeding.

Subdivision 3 of section 88 of the judiciary law (chapter 35, Laws 1909 [Consol. Laws, c. 30]) provides that:

"Whenever any attorney and counselor at law shall be convicted of a felony, there may be presented to the Appellate Division of the Supreme Court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be stricken from the roll of attorneys."

This provision is mandatory, and, where there is presented to the court a certified or exemplified copy of the judgment of such conviction of an attorney and counselor at law of a felony, the court is required to order his name to be stricken from the rolls of attorneys.

The facts alleged by the respondent in his answer and cross-petition are entirely irrelevant to this proceeding, and justify no judicial action by this court.

The motion will therefore be granted.