IN THE MATTER OF THE APPLICATION OF PAUL H. WEN-
DEL TO BE RESTORED TO THE ROLL OF ATTOR-
NEYS AND TO BE REINSTATED AS AN ATTORNEY-AT-
LAW.

Argued January 19, 1925—Decided March 20, 1925.

**Attorney's at Law—Disbarment—Reinstatement—Attorney Convicted of Perjury—New Evidence Convinces Court of Pardons, Bar Association and Court of Innocence—Reinstatement Ordered.**

On petition, &c.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-
CHARD, PARKER, MINTURN, BLACK, KATZENBACH, LLOYD and
CAMPBELL.

For the petitioner, *Robert Carey.*

PER CURIAM.

The petitioner, Paul H. Wendel, an attorney-at-law, was
indicted by the grand jury of Mercer county for perjury in
testimony given by him in a suit before Vice Chancellor Bu-
chanan. He was convicted in the Mercer Sessions, in March,
1920, and sentenced to a term in the county workhouse. That
conviction was reviewed as to alleged errors of law only, and
affirmed in the Supreme Court and the Court of Errors and
Appeals, and, subsequently, his name was stricken from the
roll of attorneys.

Meanwhile, investigations conducted by Wendel (who
throughout asserted his innocence) and his counsel, and by
counsel and by others in his behalf, tended to show his inno-
cence, as he contended, and he applied to the trial judge of
the Mercer Sessions, before whom he had been convicted, for
a new trial, which the judge denied because the application

was not made within the time limited by *Pamph. L.* 1921, *ch.* 236. Wendel thereupon served his term, and upon its expiration continued his investigations, and laid the result thereof, consisting of evidence of various kinds, newly discovered, before Vice Chancellor Buchanan (at whose instance the charge against him was originally laid before the grand jury), with the result that the Vice Chancellor became satisfied of his innocence, and suggested an application to the court of pardons. Such application was made, accompanied by a very full presentation of pertinent records, documents and statements, and also accompanied by a letter addressed by the Vice Chancellor to the court of pardons saying, among other things, that "on consideration of the transcript of the trial, together with additional facts and information obtained by him subsequent to the trial, * * * I personally am very strongly inclined to the belief that Wendel was not guilty of perjury." The result was that Wendel received from the court of pardons "a full and free pardon for the crime of which he was convicted."

Wendel then, in pursuance of the practice in such cases outlined *In re Harris,* 88 *N. J. L.* 18, began the present proceedings for reinstatement as an attorney-at-law. He seems to have complied fully with the requirements as laid down in the Harris case. He gave notice to the Mercer County Bar Association of his intention to make this application for reinstatement. Pursuant thereto a hearing was held, for the purpose of investigation and recommendation, by the bar association, through its committee duly appointed by the president thereof for that purpose, of which meeting due notice was given to all its members and the public. This committee publicly heard the testimony of Wendel and many others. It considered statements and communications in writing made by the judge and officials concerned in the trial, by numerous local public officials and citizens, many of whom had personally looked into the merits of the matter, and expressed a belief in his innocence, and all of whom concurred either in a recommendation that he be reinstated, or

in the assertion that they knew of no reason why he should not be reinstated. It is noteworthy that Vice Chancellor Buchanan, in a letter addressed to this investigating committee of the bar association, said "from the evidence submitted to me, * * * my personal opinion is that he was not guilty of the offense."

The result was that this committee, after what we deem to be a thorough investigation, unanimously concluded that Wendel "was innocent of the crime for which he was convicted," and recommended to the bar association that such association "advise the Supreme Court that, in its judgment, the said order of disbarment should be reconsidered, and that it should restore him to the practice of law in the State of New Jersey," and added that, "with the exception of the charge made against him, of which he was convicted, the moral conduct of Mr. Wendel has never been questioned," and that since his release from his imprisonment "he has conducted himself in an honorable, straightforward manner, and there is nothing that your committee could learn that would, in the slightest way, be derogatory to his character, or in any way prevent the recommendations that have been made to your committee being carried in full force and effect by the Supreme Court." That recommendation was unanimously adopted by the bar association at a meeting duly called upon notice that such report was to be considered.

Now, this court is of the opinion that the recommendation of the bar association should be given effect. We reach this conclusion because our consideration of the newly-discovered evidence satisfies us that Wendel was not guilty of the crime charged against him. It is unnecessary to further discuss the evidence discovered since the trial. It is sufficient to say that it has produced upon our minds the result announced. This conclusion is in harmony with the action of the board of pardons, which had much, if not all, of this newly-discovered evidence before it, and, moreover, is in exact accord with the conclusion of the Vice Chancellor after a painstaking and conscientious investigation.

This case differs from the Harris case in this, that there it was not questioned that the applicant had been guilty of the malpractice for which he was disbarred, and, hence, in view of section 5 of our Practice act, the court declined to restore him to the roll, but did grant him admission to the examination for license upon his compliance with the rules; but here the finding is that Wendel, in view of the newly-discovered evidence, was not guilty of the offense for which he was disbarred, and the order will be that he be restored to the roll of attorneys and reinstated as an attorney-at-law.