In the Matter of BENJAMIN A. SMITH, an Attorney, Respondent.

First Department, February 5, 1926.

Attorney and client — disciplinary proceedings — attorney disbarred following conviction for crime of petit larceny based on cashing check drawn on bank in which he had no account — reference is unnecessary since respondent admits conviction and certificate of conviction is attached to petition — crime involves moral turpitude.

An attorney is disbarred following his conviction for the crime of petit larceny based on his act in cashing a check drawn by him on a bank in which he had no account, which conviction followed a plea of guilty.

A reference is not necessary in this case, since the respondent admits that he was convicted of the crime charged and since a certificate of conviction is attached to the petition.

While the conviction of the respondent for a misdemeanor does not automatically require his disbarment under section 477 of the Judiciary Law, still his crime is one that involves moral turpitude and demonstrates his unfitness to remain a member of the honorable profession of the law.

DISCIPLINARY proceedings instituted by the Association of the Bar of the City of New York.

*Einar Chrystie*, for the petitioner.

*Smyth & Osbourne*, for the respondent.

CLARKE, P. J. The petition charges that Benjamin A. Smith, referred to as the respondent in this proceeding, was admitted to practice as an attorney and counselor at law in the State of New York at the February, 1907, term of the Appellate Division, First Department. He used the name Benjamin A. H. Smith at the time of such admission and since that time he has practiced as an attorney.

First Department, February, 1926. [Vol. 216

On March 6, 1925, respondent was arraigned in the City Magistrate's Court, First District, Borough of Manhattan, charged with the crime of petty larceny upon the affidavit of one William G. Scott, paying teller, employed in the Lawyers' Trust Company, a bank located at No. 160 Broadway, borough of Manhattan, city of New York, in which affidavit it was, among other things, alleged that on July 30, 1923, the respondent had cashed a check at the Lawyers' Trust Company in the sum of thirty-five dollars, which check was drawn by the respondent on the National Bank of Hempstead, L. I., and which check was worthless and subsequently returned to the Lawyers' Trust Company because the respondent did not have any account in the bank upon which it was drawn. The respondent when arraigned in the Magistrate's Court waived examination and was held in two thousand dollars bail. Thereafter and on or about the 12th day of March, 1925, Honorable Joab H. Banton, district attorney of the county of New York, caused an information to be filed in the Court of Special Sessions of the city of New York in which respondent was charged with the crime of petty larceny in that on July 30, 1923, he had with force and arms stolen the said sum of thirty-five dollars lawful money of the United States of America from the Lawyers' Trust Company of New York, a copy of which information is annexed to the petition. Thereafter on April 20, 1925, respondent was arraigned in the Court of Special Sessions in the city of New York and charged with the crime of petty larceny alleged to have been committed by him on July 30, 1923, and the respondent then pleaded guilty to the said charge. Respondent was thereafter sentenced by the court to be confined in the penitentiary, all of which more fully appears by the certificate of the clerk of the Court of Special Sessions of the City of New York, attached to the petition.

The answer of the respondent states that he was convicted of a misdemeanor of petty larceny on the 18th day of April, 1925, and sentenced to serve fourteen months in the New York County Penitentiary. This conviction being for a misdemeanor and not a felony does not automatically require the disbarment of respondent as provided by section 477 of the Judiciary Law. (*Matter of Robinson*, 140 App. Div. 329.) There are minor infractions of statutory provisions classed as misdemeanors, conviction for which would not involve moral turpitude and require drastic action of the court. This misdemeanor, however, does not come within that class. A conviction of a member of the bar for petty larceny of thirty-five dollars evidenced by obtaining the money by the giving of a worthless check upon a bank in which he has no account demonstrates his unfitness to remain a member of the honorable

profession of the law. It is unnecessary to send the matter to a reference because not only is the certificate of the Court of Special Sessions attached to the papers, but in his answer the respondent admits the conviction.

The respondent should be disbarred.

DOWLING, MERRELL, McAVOY and BURR, JJ., concur.

Respondent disbarred. Settle order on notice.