In the Matter of ALEXANDER ACKERSON, an Attorney, Respondent.

First Department, December 3, 1926.

Attorney and client — disciplinary proceedings — respondent was convicted in Federal court under United States Criminal Code, § 37, of conspiracy to violate § 215 — said crime is felony under § 335 — respondent is disbarred by virtue of Judiciary Law, §§ 88, 477 — immaterial that crime might be classified as misdemeanor in this State — if crime were misdemeanor, respondent should be disbarred since crime involved moral turpitude.

The respondent, an attorney, is disbarred, under sections 88 and 477 of the Judiciary Law, following his conviction in the Federal court, under section 37

of the United States Criminal Code, of the crime of conspiracy to violate section 215 of said Code, which makes it a felony to use the mails to defraud, for said crime is a felony as defined by section 335 of said Code.

It is immaterial that the same crime may be classified as a misdemeanor under the laws of the State of New York, for, if respondent's contention were accepted that he was convicted of a misdemeanor only, his disbarment would follow, since the crime of which he was convicted is one involving moral turpitude.

DISCIPLINARY PROCEEDINGS instituted by the Association of the Bar of the City of New York.

*Einar Chrystie,* for the petitioner.

Respondent in person.

CLARKE, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York at the December, 1913, term of the Appellate Division of the Supreme Court in the First Department.

The petition alleges that on August 7, 1925, an indictment charging the respondent with participating in a scheme to defraud by use of the United States mail, in violation of section 215 of the United States Criminal Code, was filed in the office of the District Court of the United States for the Southern District of New York. The respondent was subsequently tried on November 5, 1925, and the jury brought in the following verdict: " Alexander Ackerson guilty of Counts 1, 2, 3, 4, 5, 6, 7, 9 and 10." On December 9, 1925, the court sentenced the respondent to five years' imprisonment on counts 2, 3, 5, 6, 7 and 9, two years on count 10, sentence to date from December 9, 1925, and to run concurrently and be served at the United States Penitentiary, Atlanta, Ga. The crimes of which the respondent was convicted as aforesaid are felonies.

There was attached to the petition an extract from the United States Criminal Code, being section 335 thereof, which provides as follows: " All offenses which may be punished by death, or imprisonment for a term exceeding one year, shall be deemed felonies. All other offenses shall be deemed misdemeanors." (See 35 U. S. Stat. at Large, 1152, § 335.)

Section 215 of the United States Criminal Code (35 U. S. Stat. at Large, 1130) provides that any person found guilty of the violation thereof " shall be fined not more than one thousand dollars, or imprisoned not more than five years, or both."

There was also attached a certificate under the hand and seal of the clerk of the United States District Court for the Southern District of New York setting forth the conviction and sentence as aforesaid.

The respondent submits his affidavit, under which he states that on or about the 9th day of December, 1925, deponent was con-

victed, after a trial in the United States District Court for the Southern District of New York, of eight violations of section 215 of the United States Criminal Code — using the mails to defraud — and one offense under section 37 of the United States Criminal Code (35 U. S. Stat. at Large, 1096) — conspiring to use the mail to defraud, or conspiring to violate section 215 of the United States Criminal Code; that upon a writ of error the United States Circuit Court of Appeals for the Second Circuit reversed the convictions under all charges of violating section 215 of the United States Criminal Code, but affirmed the conviction under the charge of violating section 37 of the United States Criminal Code; that deponent was sentenced under the latter charge to serve a term of imprisonment of two years.

The affidavit further states: " That deponent respectfully contends that the charge of violating section 37 U. S. C. C. of which deponent stands convicted, is similar to the crime of conspiracy defined by Section 580 of the Penal Law of the State of New York, which is a misdemeanor. That deponent further alleges that the charge of conspiracy of which he stands convicted is not a felony within the contemplation of the statute of New York providing for the disbarment of attorneys convicted of a felony."

Section 88, subdivision 2, of the Judiciary Law (as amd. by Laws of 1913, chap. 720) provides: " The Supreme Court shall have power and control over attorneys and counsellors-at-law, and the Appellate Division of the Supreme Court in each department is authorized to censure, suspend from practice or remove from office any attorney and counsellor-at-law admitted to practice as such who is guilty of professional misconduct, malpractice, fraud, deceit, crime or misdemeanor, or any conduct prejudicial to the administration of justice * * *."

Subdivision 3 thereof provides: " Whenever any attorney and counsellor-at-law shall be convicted of a felony, there may be presented to the Appellate Division of the Supreme Court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be stricken from the roll of attorneys."

The provisions of this subdivision are mandatory, and where there is presented to the court a certified or exemplified copy of the judgment of such conviction of an attorney of a felony, the court is required to order his name to be stricken from the roll of attorneys. The regularity of the proceeding which resulted in the conviction of the respondent cannot be inquired into in a proceeding under this subdivision. (*Matter of Patrick*, 136 App. Div. 450.)

Section 477 of the Judiciary Law provides that " Any person

being an attorney and counsellor-at-law, who shall be convicted of a felony, shall, upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."

The claim is made that the crime of which the respondent has been convicted, although declared to be a felony under the laws of the United States, under which the conviction was had, would not be a felony if trial had been had under the laws of the State of New York, but a misdemeanor. This court has held that the conviction of an attorney of a misdemeanor does not in and of itself work a disbarment, as in the case where he is convicted of a felony. (*Matter of Robinson*, 140 App. Div. 329.)

We also said in *Matter of Smith* (216 App. Div. 173, 174): "There are minor infractions of statutory provisions classed as misdemeanors, conviction for which would not involve moral turpitude and require drastic action of the court. This misdemeanor, however, does not come within that class. A conviction of a member of the bar for petty larceny of thirty-five dollars evidenced by obtaining the money by the giving of a worthless check upon a bank in which he has no account demonstrates his unfitness to remain a member of the honorable profession of the law. It is unnecessary to send the matter to a reference because not only is the certificate of the Court of Special Sessions attached to the papers, but in his answer the respondent admits the conviction."

So in the case at bar, even if the respondent's contention should be conceded, the same result would follow. The learned Circuit Court of Appeals, upon the appeal taken by the respondent from the conviction in the District Court, said in *Van Riper* v. *United States* (13 F. [2d] 961): " This showing amply justified the jury in finding Ackerson guilty. As we have said of Maloney and McCluskey, any sales of Parco shares at that time, or effort to sell them, was the barest fraud. It is preposterous to argue that the jury had no right to say that Ackerson, who clothed himself dishonestly and took over the ruins of a broken-down scheme, must have known what his subordinates were about. If he had an innocent explanation to make of what on its face was a common enough trap for the guileless, it rested with him to show it, and he did not. Men do not set up a business of such a kind under a false name, employing cheats as their active assistants, and keep aloof and ignorant of the means by which the profits are made."

So that even if there were any substance in the respondent's claim that the conviction ought to be treated as a misdemeanor, the character of the offense would warrant disbarment. But there is no substance in his claim. The differentiation between conviction of a felony and conviction of a misdemeanor is that in

the case of a felony disbarment automatically follows under the provisions of the statute referred to; in the case of a misdemeanor the court may take into consideration the character of the misdemeanor and make the punishment fit the crime. This court has always held that it was obligated under section 477 of the Judiciary Law to disbar an attorney upon his conviction in the Federal courts of a crime created a felony by the laws of the United States. (*Matter of Kaufmann*, 195 App. Div. 830; *Matter of Felder*, 214 id. 57.)

In the matter at bar it further appears from our records that the respondent had previously been suspended by this court upon charges of unprofessional conduct in that he converted money of his clients to his own use. (209 App. Div. 735.)

There are no controverted facts in this case. The respondent admits the conviction and the sentence. There is, therefore, no need of further proceedings.

Under the provisions of the law hereinbefore referred to he must be and, therefore, is disbarred.

DOWLING, MERRELL, McAVOY and BURR, JJ., concur.

Respondent disbarred. Settle order on notice.