## In re EYLER.

No. 20273. Opinion Filed May 21, 1929.

SWINDALL, J. On April 12, 1929, by direction of the Supreme Court, there was filed in this court an original proceeding, by the referee of this court, under section 4107, Compiled Oklahoma Statutes, 1921, to remove Lee Eyler, an attorney, as a member of the bar and officer of this court. The accusations filed and presented to this court by the referee are based upon the first subdivision of section 4106, C. O. S. 1921, which provides that an attorney may be suspended or his license revoked when he has been convicted of a felony under the statutes of Oklahoma, or a misdemeanor involving moral turpitude, in either of which cases the record of conviction is conclusive evidence.

The accusations allege that on or about May 12, 1927, one Lee Eyler, together with others, in the county of Okmulgee, state of Oklahoma, committed a crime declared by the laws of the state to be a felony. At-tached to the accusations as exhibit "A" is a certified copy of the information filed and presented in the district court of Okmulgee county. There is also attached to the accusation a certified copy of the judgment and sentence, showing that on the 18th day of March, 1929, the same being one of the regular judicial days of the February, 1929, term of the district court, the said Lee Eyler was duly arraigned upon said information and entered a plea of guilty to the crime charged against him, and upon said plea of guilty the district court of Okmulgee county found that he was guilty as charged in the information, and entered its judgment and sentence that he be confined in the state penitentiary at McAlester for the term of 18 months, and that he was advised of his right of appeal from said judgment and sentence to the Criminal Court of Appeals of the state of Oklahoma, and that he never took an appeal, and is at this time serving said judgment and sentence.

Upon the accusations being filed and presented to the Supreme Court, the court issued a rule to show cause, which appears to have been served upon the said Lee Eyler on the 13th day of April, 1929, the time to answer being fixed at 20 days after the date of service. No response or answer has been filed by the said Lee Eyler, and this court takes the verified accusations to be true and confessed.

In re Williams et al., 64 Okla. 316, 167 Pac. 1149, this court held that under the first subdivision of section 252, Rev. Laws of Oklahoma, 1910, now section 4106, C. O. S. 1921, a conviction of an attorney at law of a misdemeanor involving moral turpitude under the statutes of Oklahoma is sufficient cause for the revocation of said attorney's license to practice law in this state. As stated above, section 4106 also provides for the revocation of said attorney's license to practice law in this state when it is made to appear to the court that the attorney has been convicted or entered a plea of guilty to a felony.

It having been established that Lee Eyler has pleaded guilty to a crime amounting to a felony against the laws of this state, let an order be entered disbarring the said Lee Eyler and revoking the license to practice law heretofore issued to him.

LESTER, V. C. J., and HUNT, CLARK, RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur.

MASON, C. J., absent.