## In re ROACH.

No. 20476.    Opinion Filed Jan. 14, 1930.

SWINDALL, J. On June 18, 1929, by di-

rection of the Supreme Court, there was filed in this court an original proceeding by the referee of this court, under section 4107, Compiled Oklahoma Statutes 1921, to remove L. J. Roach, an attorney, as a member of the bar and officer of this court. The accusations, filed and presented to this court by the referee, are brought under the 1st subdivision of section 4106, Compiled Oklahoma Statutes 1921, which was in force at the time of the commencement of this proceeding, and provides that an attorney may be suspended or his license revoked when he has been convicted of a felony under the statutes of Oklahoma, and the record of conviction is conclusive evidence.

The accusations allege that on the 10th day of January, 1908, one L. J. Roach was by order of this court admitted to the practice of law in the state of Oklahoma, and that on said date said L. J. Roach took the oath of attorney and counselor at law as required by the laws of this state; that the said L. J. Roach has been guilty of willful violation of his duty as an attorney and counselor at law, in that, on or about the 1st day of June, 1926, the said L. J. Roach, while attorney and agent for the First Trust & Savings Bank of Pasadena, Cal., executor of the estate of Charles W. Armstrong, deceased, and that the said L. J. Roach, as such agent and attorney, was entrusted with and had in his possession and under his control, by virtue of his trust as such agent and attorney, the sum of $8,538.53, which he had received as collections, and that the said L. J. Roach did then and there, while he was acting as such agent and attorney and while he was entrusted with said money aforesaid by reason of the trust re'ation existing between himself and the said corporation, knowingly, unlawfully, willfully, wrongfully, fraudulently, and feloniously embezzle, convert, and appropriate the said sum of money to his own use and to a use and purpose not in the due and lawful execution of said trust, as shown by a copy of the information filed in the district court of Muskogee county on the 3rd day of June, 1929, which copy is attached to said accusation marked Exhibit "A" and made a part thereof, and that the said L. J. Roach, being duly arraigned in the district court of Muskogee county, state of Oklahoma, before W. J. Crump, judge of said court, entered his plea of guilty to the charge of embezzlement as charged in said information, filed and presented against him in said district court, and was by said court sentenced to confinement in the state penitentiary at McAlester, Okla., for a term of 18 months at hard labor for said crime so committed, and that a copy of said judgment and sentence is attached to the accusations as Exhibit "B" and made a part thereof.

Upon these accusations being filed, rule to show cause dated June 18, 1929, was issued and signed by the Chief Justice of this court and attested by the clerk of this court, with the seal of this court affixed, in which rule to show cause L. J. Roach, respondent, was ordered to answer within 20 days from the date of the service upon him of a copy of said order and a copy of the accusations and to show cause why he should not be disbarred from the practice of law in the state of Oklahoma, and why his name should not be stricken from the roll of attorneys in this state, and it was further ordered that in the event cause was not shown by the respondent, L. J. Roach, within 20 days from the date of service upon him of the rule and accusation filed against him, an order would be entered disbarring said respondent from further practice of law in the state of Oklahoma, and directing the clerk of this court to strike the name of said L. J. Roach from the roll of attorneys in this state.

The record shows that a certified copy of accusations and order or rule to show cause were personally served on the respondent, L. J. Roach, on the 19th day of June, 1929, at McAlester, Pittsburg county, Okla., by Frank Thornton, deputy warden of the state penitentiary, and proof of service filed in the office of the clerk of this court on June 20, 1929. and that no answer or other response had been filed by the respondent, L. J. Roach.

This court. in Re Lee Eyler. 136 Okla. 268, 277 Pac. 930, held that:

"Under the first subdivision of section 4106. Compiled Oklahoma Statutes 1921, the conviction or plea of guilty of an attorney at law to a crime declared to be a felony. under the statutes of Oklahoma. is sufficient cause for the revocation of said attorney's license to practice law in this state."

It having been established that L. J. Roach has pleaded guilty to a crime amounting to a felony against the laws of this state, let an order be entered disbarring the said L. J. Roach and revoking the license to practice law heretofore issued to him.

MASON, C. J., LESTER, V. C. J., and HUNT, CLARK, RILEY, HEFNER, CULLISON, and ANDREWS, JJ., concur.

Note.—See under (1) 2 R. C. L. p. 1096; R. C. L. Perm. Supp. p.. 618. See "Attorney and Client." 6 C. J. § 42. p. 585, n. 2.