In the Matter of JOSEPH SHALLECK, an Attorney.

First Department, June 6, 1930.

*Einar Chrystie*, for the petitioner.

*Samuel I. Rosenman*, for the respondent.

DOWLING, P. J.   The respondent was admitted to practice as an attorney and counselor at law in the State of New York at a term of the Supreme Court of the State of New York, Appellate Division, First Department, on November 10, 1919.

On March 3, 1930, the grand jurors for the United States of America for the Southern District of New York filed an indictment in which the respondent and others were charged with a violation of sections 37, 131 and 135 of the United States Criminal Code. On April 5, 1930, after a trial in the District Court of the United States for the Southern District of New York, before a judge and jury, respondent was found guilty on count 2 of said indictment, charging him with conspiracy with others to bribe a juror in the trial of an action then pending in the United States District Court for the Southern District of New York, and with effectuating said bribery.   Thereafter he was sentenced to imprisonment in the United States Penitentiary in Atlanta, Ga., for a term of two years.   The crime for which the respondent was convicted, as set forth in count 2 of said indictment, was and is a felony.   (U. S. Crim. Code, § 335.)

Section 477 of the Judiciary Law provides: " Any person being an attorney and counsellor-at-law, who shall be convicted of a felony, shall, upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."

Subdivision 3 of section 88 of the Judiciary Law provides: " Whenever any attorney and counsellor-at-law shall be convicted of a felony there may be presented to the Appellate Division of the Supreme Court a certified or exemplified copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be stricken from the roll of attorneys."

In *Matter of Ackerson* (218 App. Div. 388) it was held (p. 392): " This court has always held that it was obligated under section 477 of the Judiciary Law to disbar an attorney upon his conviction in the Federal courts of a crime created a felony by the laws of the United States."

Even if the crime were a misdemeanor, its nature is such, striking as it does at the very integrity of the administration of justice, that we should feel required to disbar an attorney convicted of such an offense as one involving moral turpitude.   (*Matter of Marshall*, 216 App. Div. 168.)

The respondent should be disbarred.

FINCH, MCAVOY, MARTIN and O'MALLEY, JJ., concur.

Respondent disbarred.