In the Matter of EDWARD H. REYNOLDS, an Attorney.

First Department, June 23, 1930.

*Einar Chrystie*, for the petitioner.

No appearance for the respondent.

FINCH, J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York at a term of the Appellate Division of the Supreme Court of the State of New York, Second Department, on the 2d day in February, 1917.

On March 3, 1930, the grand jurors for the United States of America for the Southern District of New York filed an indictment in which the respondent and others were charged with a violation of sections 37, 131 and 135 of the United States Criminal Code.

On April 5, 1930, after a trial in the District Court of the United States for the Southern District of New York, before a judge and jury, respondent was found guilty on the count 2 of said indictment, charging him with conspiracy, with others, to bribe a juror in the trial of an action then pending in the United States Court for the Southern District of New York, and with effectuating said bribery. Thereafter he was sentenced to imprisonment in the United States Penitentiary in Atlanta, Ga., for a term of eighteen months. The crime for which the respondent was convicted, as set forth in count 2 of said indictment, was and is a felony. (U. S. Crim. Code, § 335; U. S. Code, tit. 18, § 541.)

Section 477 of the Judiciary Law provides: " Any person being an attorney and counsellor-at-law, who shall be convicted of a felony, shall, upon such conviction, cease to be an attorney and counsellor-at-law, or to be competent to practice law as such."

Subdivision 3 of section 88 of the Judiciary Law provides: " Whenever any attorney and counsellor-at-law shall be convicted of a felony, there may be presented to the Appellate Division of the Supreme Court a certified or exemplied copy of the judgment of such conviction, and thereupon the name of the person so convicted shall, by order of the court, be stricken from the roll of attorneys."

This respondent was tried and convicted in company with Joseph Shalleck and another. What was said in the opinion by this court upon the disbarment of Joseph Shalleck applies with equal force to the respondent in the case at bar. (*Matter of Shalleck*, 229 App. Div. 691.)

The respondent should be disbarred.

MERRELL, McAVOY, MARTIN and SHERMAN, JJ., concur.

Respondent disbarred.