## Commonwealth v. Porter.

(Decided February 26, 1932.)

E. POE HARRIS for appellant.

SAM SPARKS for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee, while a member of the bar of this state, was convicted in the United States District Court for the Eastern District of Kentucky, of a violation of the Harrison Anti-Narcotic Act (26 USCA, secs. 211, 691-707), a felony under the federal statutes. The judgment of conviction was rendered after appellee had entered a plea of guilty. He was sentenced to a term of imprisonment, but the sentence was suspended and he was placed on probation for a period of five years; power being reserved to set aside the suspension at any time without notice to him. Thereafter the commonwealth's attorney for the Thirty-Second judicial district of Kentucky filed an information in the Boyd circuit court in which he set up these facts and asked that appellee's license to practice law in the courts of this state be revoked. Certified copies of the indictment, plea, and judgment of conviction in the federal court were filed.

Appellee entered his appearance and a stipulation as to what appellee and others named therein would testify to was filed. The attorney for the commonwealth conceded that the testimony would be as set out in the stipulation, but objected to it on the ground that it was incompetent and irrelevant. It was and is his contention that the conviction of a felony is conclusive and calls for disbarment. The testimony incorporated in the stipulation tended to show that appellee was not guilty of an intentional violation of the Anti-Narcotic Act. The lower court considered the offered evidence, concluded that appellee was not guilty of the crime of which he had been convicted, and refused to enter a judgment of disbarment.

If the lower court was authorized to go behind the judgment of conviction and to hear evidence on the question of appellee's guilt, we are inclined to believe that the judgment is correct; but if the record of conviction of a felony is conclusive evidence, the judgment must be reversed.

Many states have statutes specifying conviction of a felony as one of the causes for disbarring an attorney and providing that the record of conviction shall be conclusive evidence and, without exception, it is held by the courts of these states that when an attorney at law has been convicted of a felony and a certified copy of the record of his conviction has been filed in the court where

disbarment proceedings are pending, no evidence as to his guilt or innocence of the crime of which he has been convicted will be heard. Some of the cases so holding are: In re Casebier, 129 Kan. 853, 284 P. 611; In re Roach, 141 Okl. 78, 284 P. 33; In re Patrick, 136 App. Div. 450, 120 N. Y. S. 1006; In re Finch, 156 Wash. 609, 287 P. 677. It is equally well settled where such statutes are in force that conviction of a felony in a federal court is ground for disbarment under the statute in a state court. In re Kerl, 32 Idaho, 737, 188 P. 40, 8 A. L. R. 1259; In re Elliott, 122 Okl. 180, 253 P. 103; In re O'Connell, 184 Cal. 584, 194 P. 1010; In re Ackerson, 218 App. Div. 388, 218 N. Y. S. 654; In re Minner, 133 Kan. 789, 3 P. (2d) 473; In re Kirby, 10 S. D. 322, 414, 73 N. W. 92, 907, 39 L. R. A. 856, 859.

The General Assembly of 1892 adopted an act entitled, "An Act concerning attorneys-at-law, Attorney-General, attorney for the Commonwealth and attorneys for counties." Acts of 1892, chapter 100. Section 1 of that act read: "No person convicted of treason or felony shall be permitted to practice in any court as counsel or attorney-at-law." This section was carried in the 1899, 1903, 1909, and 1915 Editions of Carroll's Kentucky Statutes as section 97. In 1902 the General Assembly passed an act entitled, "An Act to regulate the granting of license to practice law, and prescribing the qualifications of attorneys-at-law in the Commonwealth of Kentucky." Acts of 1902, chapter 17. In 1918 an act was passed entitled, "An Act to regulate the admission of attorneys to practice law." Acts of 1918, chapter 131. After the passage of the 1918 act, the compiler of the statutes omitted section 97 on the theory that it was impliedly repealed by the act of 1918. The acts of 1918 and 1902 dealt with the same subject-matter. Each regulated the granting of license to practice law. The title of the act of 1918 specifically so limited the subject-matter of the act. Nothing appears in the body of the act applicable to persons who have been granted a license to practice law. In fact, if matter affecting such persons had been inserted in the body of the act it would have been invalid in view of the restrictive nature of the title. Section 1 of chapter 100 of the Acts of 1892, subsequently carried in the Kentucky Statutes as section 97, applied to persons who had been granted a license to practice law as well as applicants for a license. There is nothing in the act of 1918 indicating an intention on the

part of the Legislature to repeal this section and, in view of the well-settled rule, that repeals by implication are not favored, and that no such implication will prevail unless there is such repugnancy between two statutes as to make them wholly inconsistent, we have concluded that section 1, chapter 100, of the Acts of 1892 is still in force. Schultz v. Ohio County, 226 Ky. 633, 11 S. W. (2d) 702; Naylor v. Board of Education, 216 Ky. 766, 288 S. W. 690; Nuetzel v. Keller, 205 Ky. 340, 265 S. W. 817; Ex parte Lawrence, 204 Ky. 568, 265 S. W. 287; City of Newport v. Klatch, 189 Ky. 300, 224 S. W. 844; Commonwealth v. International Harvester Company of America, 131 Ky. 551, 115 S. W. 703, 133 Am. St. Rep. 256.

With this statute in force does it follow that an attorney at law who has been convicted of a felony is precluded in a disbarment proceeding from going back of the record of conviction and producing evidence of his innocence of the crime of which he has been convicted? The statute is mandatory in its terms, and the Legislature evidently intended that proof of conviction should be conclusive in a disbarment proceeding. On this point there is little room for doubt. The statute makes conviction of a felony, not guilt, the cause for disbarment. The statute is just as mandatory as those statutes of other states construed in the cases heretofore cited. Under the statute disbarment follows automatically upon proof of the conviction without independent ascertainment of the fact of guilt. While the judgment of conviction stands unimpeached the door to inquiry is barred, and this is as it should be. The purpose of a disbarment proceeding is not to punish the attorney, but to protect the court in the administration of justice. In re McDonald, 157 Ky. 92, 162 S. W. 566. A court which permitted an attorney who has been convicted of a felony to continue to practice would likely cease to command public confidence and the administration of justice would be brought into public distrust. Before the door to inquiry is opened the stigma attaching to one convicted of a felony should be removed by some judicial act in the original proceeding, such as a reversal or setting aside of the judgment. It is probable that executive pardon on the ground of innocence would put in question the verity of the conviction so as to authorize the court in a disbarment proceeding to inquire into the merits of the charge. It has been so held. In re Wendel, 3 N. J. Misc. Rep. 312, 128 A. 249;

In re Stevens, 59 Cal. App. 251, 210 P. 442; People v. Burton, 39 Colo. 164, 88 P. 1063, 121 Am. Stat. Rep. 165. Cf. Nelson v. Commonwealth, 128 Ky. 779, 109 S. W. 337, 16 L. R. A. (N. S.) 272. But with the rule under such a state of facts we are not now concerned. Under the facts of this case the trial court erred in going behind the record of conviction while the judgment stood unimpeached. and inquiring into the question of appellee's guilt.

Judgment is reversed, with directions to enter a judgment in conformity herewith.

The whole court sitting.