## IN THE MATTER OF MICHAEL J. TANSEY.

Argued May 10, 1935—Decided June 20, 1935.

Before Justices Trenchard, Heher and Perskie.

For the petitioner, *Francis J. Tansey.*

Per Curiam.

On May 2d, 1932, this court filed an opinion concurring in the findings of the state bar examiners, namely, that petitioner, Michael J. Tansey, "fraudulently converted about $4,000 of his client's money" and "has appropriated to his own use money of his client" and "is unworthy to remain on the rolls of the court as an attorney and counsellor;" and also concurring in the recommendation of the state bar examiners "that he [petitioner] be disbarred and his name struck from the rolls." By order of court dated May 14th, 1932, filed May 17th, 1932, the report of the state bar examiners, as aforesaid, was confirmed, the petitioner was disbarred and his name was struck from the rolls of attorneys and counsellors of this state.

Petitioner now prays that an order be made to reopen the case for further inquiry. The prayer is "that the court may be informed of the facts developed herein, both before and subsequent to the order of disbarment, which tend to show that your petitioner was innocent of the charge of fraud and malpractice upon which the order was based; that the said order may be set aside and your petitioner may be restored to the roll of attorneys and counsellors of this court, with all right and privileges pertaining thereto. And that he may have such other and further relief as may be just."

We desire, *in limine,* to restate the observation made by this court on the argument of this application, namely, that the procedure of the petitioner herein does not conform to or comply with the proper practice, in such cases, as the same is fully outlined in *In re Harris,* 88 *N. J. L.* 18; 95 *Atl. Rep.* 761.

Be that as it may, we have concluded to dispose of the

application on its alleged merit. Petitioner bases the application on substantially these facts: That in the suit by Frank Schultz against the petitioner for the $6,090 in question, on motion to strike petitioner's answer, the late Chief Justice Gummere ordered that judgment of $3,590 only be entered against petitioner and that the question of the petitioner's rights as to the $2,500 retained by him (on his claim for services rendered to Schultz) was expressly reserved to be determined by a court and jury in due course; that petitioner's asserted right to retain this sum of $2,500, as for services rendered, was brought to the attention of the bar examiners; that on the trial before Judge Newton H. Porter, and a jury, for the $2,500, the court, by consent of the respective counsel, directed a verdict in the sum of $2,500 in favor of the plaintiff and against petitioner, but also, by like consent, ordered that all allegations in the complaint appertaining to fraud be struck, the verdict resting upon the common count of money had and received; that the petitioner before the bar examiners as well as before the court offered himself and his records in support of his claim and thus submitted himself to cross-examination; that this action on the part of the petitioner is evidence of his good faith in the premises.

The petitioner now argues that the striking of the allegations of fraud, as aforesaid, from the complaint removed the basis for the action of the bar examiners. This is not so. The bar examiners based their conclusion and recommendation on the proofs submitted to them and this court, on those proofs, confirmed their conclusion and recommendation. Moreover, the striking of the allegations of fraud, by consent of counsel, in nowise affects the proofs before the bar examiners and this court. The reason is obvious. In the suit against the petitioner plaintiff's objective was merely to obtain a money judgment; in the proceedings before the bar examiners charging unethical and illegal conduct on the part of the petitioner, the objective was to preserve the dignity, honor and integrity of the members of the bar, officers of the court. This is sought to be accomplished by disciplining that attorney or counsellor who has been adjudged guilty

of unethical, unworthy or illegal conduct. In the latter process the willingness or consent of the immediate parties, or their respective counsel, to withdraw or eliminate a charge of wrong-doing, if in fact true, cannot and must not thwart the objective sought to be accomplished by this court. If it were otherwise the administration of justice would be made powerless.

Petitioner was privileged and undoubtedly did present all of these facts to the court upon the confirmation (on notice) of the report of the bar examiners. The facts now urged are not newly discovered evidence. Nor do we see how they can in anywise form a rational basis for the mitigation or exoneration of the offense upon which the petitioner was adjudged unworthy to remain on the rolls of this court as an attorney and counsellor and as a result of which he was justly disbarred.

This case is unlike the case of *In re Wendell, 3 N. J. Mis. R.* 312; 128 *Atl. Rep.* 249, where the newly discovered evidence satisfied the court that Wendell was not guilty of the crime charged against him. The court, therefore, merely corrected an obvious injustice.

Application is denied.