In the Matter of EDMUND J. DONEGAN, an Attorney, Respondent. In the Matter of MAX N. KOVEN, an Attorney, Respondent.

First Department, March 17, 1939.

*L. B. Reynolds* of counsel [*Einar Chrystie*, attorney], for the petitioner.

Respondents in person.

MARTIN, P. J. The respondents have been convicted of violating section 88 of title 18 of the United States Code (Criminal Code, § 37, conspiracy to commit an offense against the United States) and section 338 of title 18 of the United States Code (Criminal Code, § 215, using the mails to obtain money and property by means of false and fraudulent pretenses, representations and promises). Each respondent has been sentenced to serve a term of imprisonment of one year and one day in a Federal penitentiary. The convictions were unanimously affirmed by the United States Circuit Court of Appeals (*United States* v. *Dilliard*, 101 F. [2d] 829), and certiorari denied by the United States Supreme Court (*Donegan* v. *United States*, 306 U. S. 635). Under the laws of the United States (U. S. Code, tit. 18, §§ 88, 541) the crime of which the respondents have been convicted is a felony.

The Bar Association has presented the matter to this court for appropriate action.

The respondents urge that there was no actual criminal intent on their part, pointing out that the indictments resulted from the collapse of the New York city guaranteed mortgage companies in the year 1933 and particularly the suspension of the State Title and Mortgage Company, of which the respondents were officers and directors. They submit that any violations of the law on their part were unwitting and technical. Attention is further called to the fact that an application for a pardon is pending before the President of the United States. They ask, therefore, that the matter be sent to a referee to inquire into the merits of whether or not they are fit to remain members of the bar. In this connection the respondents urge that since under the laws of this State the crime committed is not a felony, this court is not compelled to disbar them without an inquiry into the merits; or at least that in *Matter of Kaufmann* (245 N. Y. 423) Chief Judge CARDOZO, by dictum, indicated there was some doubt about the rule that conviction of a crime which under the Federal law is a felony but under New York law merely a misdemeanor must be regarded as a felony within the meaning of the New York Judiciary Law.

This court is committed to the rule that it is obligated under section 477 and section 88, subdivision 3, of the Judiciary Law to disbar an attorney upon his conviction in the Federal courts of a crime created a felony by the laws of the United States. (*Matter of Ackerson*, 218 App. Div. 388; *Matter of Berman*, 250 id. 380.)

It follows that the respondents should be disbarred.

TOWNLEY, DORE, COHN and CALLAHAN, JJ., concur.

In each proceeding: Respondent disbarred.