## Carrell, Clerk of Court, et al. v. Miller Finance Co.

(Decided Oct. 13, 1933.)

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellants.

SHACKELFORD MILLER, Jr., for appellee.

Opinion of the Court by Judge Perry—Affirming.

This is an appeal from a judgment of the Jefferson circuit court requiring the appellant county clerk of Jefferson county to receive and record the certificates of transfer of tax liens tendered appellant upon payment of the sum of 25 cents and no more for the recording of each certificate, and further adjudging that

neither the county clerk nor the state treasurer is authorized, under the provisions of section 4238, as amended by c. 151 of the Acts of 1932, Kentucky Statutes, Supplement 1933, to collect $1 or any amount in addition to the 25-cent recording fee.

By the Acts of 1930 (c. 150), the General Assembly provided a method of collecting tax claims by authorizing their purchase by any person or corporation and giving to such purchaser the same priorities and means of collection possessed by the taxing authorities making the sale. This is now Article 8a, entitled ''Transfer of Tax Claims,'' of chapter 108, headed ''Revenue and Taxation,'' Kentucky Statutes, Baldwin's 1933 Supplement, and comprises sections 4168a to 4168k, inclusive.

Section 4168b provides that the transferee of a tax claim is required to record his certificate of transfer on the record of incumbrances on real estate in the county in which such certificate is issued within thirty days from date of the transfer, and that if it is not so recorded, the transferee shall lose his lien upon the property transferred to a purchaser for value without notice.

Section 4168k provides that the county clerk shall be entitled to charge a fee of 25 cents and no more for recording a certificate of transfer and 25 cents and no more for a release thereof.

It appears that the appellant county clerk is here demanding of the appellee, plaintiff below (a partnership engaged in the business of purchasing tax claims under and pursuant to the provisions of the quoted statute, supra), payment not only of the therein provided fee of 25 cents for recording each of its certificates of transfer, but also the additional payment of a tax of $1, claimed to be imposed by section 4238 of the Kentucky Statutes, Baldwin's 1933 Supplement, captioned ''Tax on Law Process.'' That section, beginning with an incomplete sentence, is, ''on each original action or proceeding in the circuit court, commencing with or without original process, and on each original action or proceeding in other courts, when the amount in controversy, exclusive of interest and cost, exceeds fifty dollars ($50.00),'' and enumerates a number of transactions, after each of which is placed an amount of money ranging from 25 cents to $50.00. The statute does not

say that these are taxes or by whom or to whom they shall be paid. The enumeration in this section 4238, pertinent to the question here before us, includes the following item: "On each deed or power of attorney to convey real or personal estate, or any mortgage or conveyance of real estate or personal property, or lien or conveyance of coal, oil, gas or other mineral right or privilege, one dollar ($1.00)."

Under this provision of this statute, the appellants, the clerk of the Jefferson county court and the state treasurer, claim that on registering each certificate of transfer, the plaintiff must pay this $1 charge, termed by them a tax, in addition to the fee of 25 cents authorized by the above-quoted section 4168k.

The appellee, on the other hand, contends that the 1930 act dealing with the transfer of tax claims (sections 4168a to 4168k is a special and complete act of the Legislature dealing with this specific subject and is to be presumed to furnish the Legislature's complete treatment of the specific subject, with the result that other general statements found in other provisions of the Statutes are not so applicable thereto as to either extend or abridge the provisions of the special act, and that, had the Legislature intended for the purchaser of a tax certificate, as provided for under the provisions of this special act dealing with the transfer of tax claims, to pay a $1 tax upon having it recorded, it would have therein incorporated expressly or by reference such a provision making so taxable such transfers. Also, appellee contends that section 4238 of the Statutes, Supplement 1933, imposes a tax on specific liens only, namely, a "lien or conveyance of coal, oil, gas or other mineral right or privilege," and therefore that by the express wording of the statute imposing a tax on the said specific liens, under the maxim, "expressio unius est exclusio alterius," it excludes the inclusion therein, of any other "lien," not named, as subject to the $1 tax imposed.

It is to be further noted that section 4238 does not specifically say that a tax should be paid by any one, or that the amounts specified for the items enumerated therein are taxes. Accordingly, the appellee contends that there is an entire lack of authority given under this statute to the county clerk to charge such $1 tax on

receiving the certificate of transfer for recording, or any fee other than the 25-cent recording fee.

However, the appellants contend that, inasmuch as the tax claim tendered for recording is a "lien," it is therefore subject to the tax of $1, while the charge allowed the clerk for the recording of the tax claim (25 cents) is merely the recording fee allowed under section 4168k for such service and is therefore no bar to the collection of the $1 tax claimed imposed by section 4238 of the Statutes, Supplement 1933.

Appellee admits that the tax claim is a "lien," but argues that, even such being conceded, it does not follow that it is subject to the $1 tax, but insists that it still remains here a question of statutory construction as to whether or not such particular tax lien is covered by the statute in question. Appellee further admits that the 25 cents allowed to be charged is for the clerk's recording service only, as section 4168k of the Statutes specifically so provides. However, it contends that upon the payment of the 25 cents by the statute, thus authorized, "and no more," as and for a recording fee, to the county clerk, it is entitled to have its certificate of transfer of tax claim recorded by him, and further contends that the fact such fee is by the statute allowed such officer for recording the certificate is not sufficient to support or upon which to base appellant's claim that the officer performing the recording service thereby has the additional right, not given nor authorized by the statute, to then collect an additional $1 tax, even were such a tax applicable to the instrument recorded, as the Statutes specifically provide the public officials who are to collect special taxes, and no other official, not even the county clerk, has a right to collect such a tax, if not so authorized by the Statutes to do so.

Appellee further contends that under a proper construction of sections 4168a to 4168k, inclusive, of the Statutes, no tax is collectible upon the recording of these certificates of transfer of tax claims by any public official whatsoever.

It appears that it has been the custom and practice of the appellant clerk of the Jefferson county court to accept and record these certificates of transfer of tax claims, tendered him for recording by the plaintiff and other purchasers of such tax claims, for only the fee of

25 cents, allowed therefor by the Statutes, but that lately the clerk has undertaken to demand from the appellee, and others engaged in the same business, payment of a tax of $1, in addition to this recording fee of 25 cents previously charged, refusing otherwise to record the certificates. Whereupon, resisting the clerk's exaction of this additional $1 tax charge, the plaintiff below, here the appellee, filed its petition for a declaration of rights determining whether or not the county clerk is authorized under the provisions of sections 4168k and 4238 to demand this additional charge of $1, claimed as a tax due and collectible upon his recording the tax claim lien, or whether he is required to receive and record the certificate for the said statutory fee of 25 cents only, as was his former custom. He further prayed that the defendant clerk of the Jefferson county court be enjoined from refusing to accept and record said certificates of transfer of tax liens tendered by it, with the fee of 25 cents for each certificate so tendered.

To plaintiff's petition, defendants filed demurrer in the lower court, which was overruled, and judgment entered for the appellee awarding the relief asked. Hence this appeal.

The question presented is whether or not, under the provisions of section 4238, a certificate of transfer of a tax lien can be recorded without coming within that class and character of liens named and described in the said section of the Statutes, upon which appellant claims this statute imposes a $1 tax charge therefor.

The learned chancellor below, in his consideration and disposition of this question thus presented, held, adversely to appellants contention, the language of his written opinion, stating that:

"The proper construction of the phrase quoted above, in which the word 'lien' occurs * * * is that it refers to a 'lien or conveyance of coal, oil, gas or other mineral right or privilege.' Both the punctuation and the arrangement of the words strongly suggest this construction. To construe the word 'lien,' standing alone, as meaning the recording of a transfer of a tax claim, would be going very far indeed."

And further that:

"The county clerk must receive and record each certificate of transfer tendered upon the payment of 25 cents, and that he has no right to refuse to do so because an additional payment of $1 tax is to be collected by the public officer who renders the service upon which the tax is laid. * * * The statute does not say that the tax of $1 shall be payable upon the recording of any mortgage or conveyance, etc.; it merely says (or implies) that it shall be paid 'on each deed or power of attorney to convey real or personal estate, or any mortgage or conveyance,' etc. Nothing whatever is said about the county clerk nor about the recording of these instruments."

And in harmony with such views, the court adjudged that it was the duty of the appellant clerk of the Jefferson county court to receive and record the certificates of transfer of tax liens tendered by the plaintiff under the provisions of sections 4168a to 4168k, inclusive, upon the payment to said county clerk by the party tendering the certificate the sum of 25 cents, "and no more," for each certificate of transfer so tendered for recording; that neither the state treasurer nor the county clerk "was authorized by the provisions of section 4238 of the Statutes to collect the payment of the sum of $1 or any part thereof in addition to said sum of 25 cents; and also that the tax liens so purchased under the provisions of sections 4168a to 4168k of the Statutes are not liens or transactions of such kind or character as were referred to or included in the provisions of section 4238 of the Statutes."

With this holding and the reasons therefor, as announced in the learned chancellor's opinion quoted supra, we are in full harmony and accord, and being of the opinion that the same represents the correct interpretation and construction of these statutes here involved is, as contended for by appellee, and is also the rightful decision and proper determination of the questions here presented upon appeal, we adopt and approve the same as the opinion of the court herein.

The judgment is therefore affirmed.