**C. Eugene GOSS, Commissioner of Highways of the Commonwealth of Kentucky, Appellant,**

v.

**PERSONNEL BOARD of the Commonwealth of Kentucky, and J. O. Hoover, Appellees.**

Court of Appeals of Kentucky.

June 26, 1970.

Don Duff, Department of Highways, Frankfort, Charles W. Huddleston, Department of Highways, Bowling Green, for appellant.

John Breckinridge, Atty. Gen., Henri L. Mangeot, Asst. Atty. Gen., Frankfort, Edward F. Prichard, Jr., Frankfort, William A. Porter, Thomas B. Givhan and J. Chester Porter, Shepherdsville, for appellees.

CULLEN, Commissioner.

The Commissioner of Highways[1] appeals from a judgment of the Franklin Circuit Court which made a declaration of rights in a controversy arising out of one J. O. Hoover's discharge by the commissioner from a merit-system position of employment with the Kentucky Department of Highways, and which ordered the commissioner to reinstate Hoover in his position of employment, with restoration of salary back to the date of discharge.[2] The issues in the case relate to the sufficiency of the notice of discharge.

Hoover was sent a notice of discharge on January 24, 1968. It stated that he was being removed from his position for the "following specific offenses:

"In violation of KRS 18.310–4 and the Department of Personnel Rules and Regulations 2.4D and the Highway Department Personnel Guidance Manual 12.01.-0400."

The statute and the rules referred to in the letter enumerate a *variety* of political activities forbidden to merit-system employees, including membership on party committees, membership in a political club, being a candidate for paid public office, or taking part in the management or affairs of any political party or in any political campaign.

Hoover appealed to the Personnel Board from the dismissal pursuant to KRS 18.270.

1. At all times referred to in this opinion the Commissioner of Highways was William Hazelrigg.

2. No issue is raised in this case concerning mitigation of damages, by reason either of actual other employment or of failure to seek other employment.

The board directed the Commissioner of Highways to file a detailed specification of charges, by a designated date. Several months passed after the designated date without the specifications being filed. Counsel for Hoover then moved the board to enter an order holding his discharge to be illegal on the ground that no proper specification of charges stating legal cause for dismissal had been made. The next day the Commissioner of Highways filed a detailed statement of charges. The board, however, without holding a hearing on the merit of the charges, entered an order declaring that no proper specification of charges stating legal cause for dismissal had been filed as ordered by the board; that the discharge was void and that Hoover still was an employe of the Department of Highways and was entitled to pay for the period of time since his purported discharge.

The Commissioner of Highways did not recognize the order, wherefore the Personnel Board, pursuant to KRS 18.170(3) and 18.240, caused an action to be brought by the Attorney General against the Commissioner of Highways, for a declaration of rights and for an order compelling compliance with the merit-system statutes and the rules and orders made pursuant thereto. Hoover was made a party to the action, appeared therein with his own counsel, and filed a cross-claim against the Commissioner of Highways seeking a declaration that his discharge was void and an order enforcing his right to continued employment with back pay to the date of the purported discharge. The circuit court entered judgment granting the relief prayed for in the complaint and Hoover's cross-claim.

As we view the case the only significant issue is whether the original notice of discharge complied with the *statute*, KRS 18.-210(17), which states that the rules for administration of the merit system shall provide:

"For discharge * * * only for cause, *after* the person to be discharged * * * has been presented with *the reasons* for such discharge * * * stated in writing, and has *been allowed a reasonable time to reply thereto in writing,* or upon request, to *appear personally with counsel and reply* to the head of the department or his deputy. The statement of reasons and the reply shall be filed as a public record with the commissioner [of Personnel]." (Our emphasis.)

█ It is our opinion that the notice given to Hoover failed by a wide margin to comply with the statutory requirement of a statement of reasons. The statute plainly contemplates that the notice shall be in sufficient detail to enable the employe to "reply thereto in writing" or to appear before and "reply" to the head of the department or his agent. In the absence of a notice stating dates, places and names the employe would not have a fair opportunity to reply and thus perhaps obtain reinstatement without the necessity of an appeal to the Personnel Board. Under a similar Federal statute it has been held that the notice must inform the employe with "certainty and precision" of the cause for removal, and must give dates, places and names. Deak v. Pace, 88 U.S.App.D.C. 50, 185 F.2d 997. Our own court, in Osborne v. Bullitt County Board of Education, Ky., 415 S.W.2d 607, under a statute requiring that a teacher, on discharge, be furnished with a "written statement identifying the problems or difficulties," held that the statement must "indicate * * * the specific nature of the acts," giving such details as dates; that mere allegations of "incompetency" or "inefficiency" are not enough and that "the facts of the incompetency must be alleged."

Bell v. Board of Education of McCreary County, Ky., 450 S.W.2d 229, is distinguishable in that there the statute did not require the furnishing of a statement of reasons, and did not provide for any administrative remedies.

█ Since the notice did not comply with the statute, and since the statute pro-

vides that discharge may be effected only *after* the giving of a written statement of reasons and the allowance of reasonable time to reply in writing or by personal appearance, it is plain that the discharge was void ab initio; therefore the question of whether the Commissioner of Highways did or did not substantially comply with the Personnel Board's subsequent direction to file a detailed statement of charges is irrelevant.

■■ The discharge being void by the terms of the statute, *Hoover* clearly had the right, without regard to any action of the Personnel Board, to bring suit in the circuit court to obtain an order for reinstatement with back pay. While Hoover did not *initiate* the instant suit, he was made a party, he appeared by his own counsel, and he asked by appropriate pleadings for the desired relief. Accordingly, it was entirely proper for the court to grant him the relief.

This view of the case makes it unnecessary for us to consider or pass on the question, argued in the briefs, of whether the Personnel Board has power to enter an enforcible order of reinstatement of a discharged employe on a finding by the board that the notice of discharge was inadequate, or the question, inherent in such argument, of whether the Personnel Board, by itself and independently of any action by the discharged employe, has authority under KRS 18.170(3) and 18.240 to cause an action to be brought in the circuit court to compel reinstatement of the employe on the ground that the notice of discharge was inadequate.

To the extent that the judgment makes declarations on questions which this opinion finds unnecessary to pass upon the judgment is reversed, with directions to delete those declarations; in all other respects the judgment is affirmed.

All concur except NEIKIRK, J., who did not sit.