C. Eugene GOSS, Commissioner of Highways, Commonwealth of Kentucky, Appellant,

v.

PERSONNEL BOARD, Commonwealth of Kentucky and Kavanaugh Inman et al., Appellees.

Court of Appeals of Kentucky.

June 26, 1970.

Don Duff, Department of Highways, Carl T. Miller, Jr., Department of Highways, Frankfort, for appellant.

John Breckinridge, Atty. Gen., Henri L. Mangeot, William O. Gilbreath, Asst. Attys. Gen., Edward F. Prichard, Jr., Frankfort, William A. Porter, Thomas B. Givhan and J. Chester Porter, Shepherdsville, for appellees.

CULLEN, Commissioner.

This is in essence a companion case to Goss, Commissioner of Highways v. Personnel Board of Kentucky, Ky., 456 S.W.2d 819 (this day decided). It involves eight employes of the Kentucky Department of Highways who were discharged in 1968 by the then commissioner, William Hazelrigg, and whose reinstatement with back pay[1] was directed by judgment of the Franklin Circuit Court, from which the present Commissioner of Highways appeals. As in the Hoover case the principal issues relate to the sufficiency of the notices of discharge.

■ One of the eight employes here involved was given no statement of reasons prior to her discharge, as required by KRS 18.210(17), so of course the discharge was void. The reasons given in the notices to the other seven were:

(1) "Inefficiency in the performance of the duties of your job."

(2) "Falsifying official records."

(3) "Inefficiency in the performance of the duties of your job."

(4) "Continued absence."

(5) "Insubordination."

(6) "Inefficiency in the performance of the duties of your job."

(7) "Unauthorized absence in connection with a drinking problem."

■ On the rationale of Hoover it is our opinion that none of the reasons was sufficiently specific and therefore all of the discharges were void.

As was the situation in Hoover, the Personnel Board caused the instant action for reinstatement to be brought in the circuit court; the eight discharged employes were made parties; they appeared by their own counsel; and they filed cross-claims against the Commissioner of Highways seeking reinstatement with back pay. On the grounds stated in Hoover, this furnished ample basis for the court's judgment granting the desired relief.

A great deal of argument has been devoted in the briefs to the questions (1) of the validity of a regulation adopted by the Personnel Board which provides that "Notifications of dismissal that do not properly specify the reasons shall be considered invalid and the employee shall remain on the payroll until such time as proper charges are affected."; (2) of the power of the Personnel Board to determine conclusively whether a notice of discharge is adequate; and (3) of the authority of the board, by itself and independently of any action by the discharged employe, to cause an action to be brought in the circuit court to compel reinstatement of the employe on the ground that the notice of discharge was inadequate. The circuit court made declarations on those questions. It is our opinion that it was unnecessary and inappropriate that those declarations be made.

To the extent that the judgment makes declarations which this opinion finds to have been unnecessary or inappropriate the judgment is reversed with directions to delete those declarations; in all other respects the judgment is affirmed.

All concur except NEIKIRK, J., who did not sit.

---

1. No issue is raised in this case concerning mitigation of damages, by reason either of actual other employment or of failure to seek other employment.