**KENTUCKY REGION EIGHT, etc., et al., Appellants,**

v.

**COMMONWEALTH of Kentucky and Kentucky Employes Retirement System, Appellees.**

Court of Appeals of Kentucky.

March 1, 1974.

Edward L. Fossett, Donald Duff, Smith & Duff, Frankfort, for appellants.

Ed W. Hancock, Atty. Gen., Patrick B. Kimberlin, III, Asst. Atty. Gen., Frankfort, for appellees.

CULLEN, Commissioner.

■ The appellants, Kentucky Region Eight Mental Health-Mental Retardation Board, Inc., Nineteenth Regional Mental Health-Mental Retardation Board, Inc., and Twentieth Regional Mental Health-Mental Retardation Board, Inc., are three of eighteen charitable, nonprofit corporations organized in various areas of Kentucky to assist, in accordance with KRS 210.370, in administering mental health programs and clinics under KRS 210.370 to 210.460. The judgment from which they are appealing required them to participate in the Kentucky Employes Retirement System. The principal grounds on which they appeal are (1) that they are not state agencies within the meaning of the statutes providing for the Kentucky Employes Retirement System specifically KRS 61.-510(3), and (2) that the executive order of former Governor Edward T. Breathitt providing that the corporations "are permitted to become and are participating agencies in the Kentucky Employes' Retirement System" was merely permissive and not mandatory. We find merit in the first proposition and therefore it is unnecessary that we pass on the second one.

The Kentucky Employes Retirement System provided for in KRS 61.510 to 61.700 is for employes of "departments," defined in KRS 61.510 to mean "any *state* department or board or agency" participating in the system (our emphasis).

The regional mental health-mental retardation boards are private nonprofit corporations organized under KRS Chapter 273 to participate in administering mental health-mental retardation programs and clinics under KRS 210.370 to 210.460. KRS 210.370 provides that the programs and clinics may be administered by a community health board established pursuant to KRS 210.370 to 210.460 "or by a nonprofit corporation." The nonprofit corporations are eligible for state grants under KRS 210.370 to 210.460 as well as federal grants under the *Community Mental Health Centers Act*, private donations, local government contributions, etc.

Statements from studies predating the enactment of KRS 210.370 to 210.460 were to the effect that use of nonprofit corporations to implement the program was intended to be an alternative to use of direct state agencies; that the corporations were to be treated as being separate and apart from state government in order to encourage local community support, and to qualify fully for receipt of federal grants and tax-deductible charitable donations.

■ The mere fact that the corporations receive and administer grants of state funds does not mean that they are state

agencies. See Kentucky Building Commission v. Effron, 310 Ky. 355, 220 S.W.2d 836; Hager v. Kentucky Children's Home Society, 26 Ky.Law Rep. 1133, 83 S.W. 605; Hughes v. Good Samaritan Hospital, 289 Ky. 123, 158 S.W.2d 159.

■ It is an established rule of statute construction that the policy and purpose of the statute will be considered in determining the meaning of the words used. City of Louisville v. Helman, Ky., 253 S.W.2d 598; City of Owensboro v. Noffsinger, Ky., 280 S.W.2d 517; Grieb v. National Bond and Investment Company, 264 Ky. 289, 94 S.W.2d 612. Accordingly, it is our duty to ascribe to the words "state department or board or agency" as used in KRS 61.510 a meaning consistent with the purpose and policy of the law providing for a retirement system for state employes.

A retirement system ordinarily is an integral part of an overall personnel program. It goes along with salary increment schedules and merit system protections in forming a program calculated to make employment attractive. It would be rare indeed for particular employes to be afforded through their employer the benefits of a retirement plan without the employes also being covered by the other standard features of a personnel program.

The mental health-mental retardation corporations here involved are not claimed to be state agencies for any purpose other than retirement system participation. Their employes are not under the merit system, state salary schedules, or any other state personnel regulations. In our opinion it is inconceivable that KRS 61.510 could have been intended to bring into the Kentucky Employes Retirement System persons who are not considered state employes for any other purpose. We think that "state department or board or agency" as used in KRS 61.510 plainly means departments, boards or agencies that are such integral parts of state government as to come within regular patterns of administrative organization and structure and to be subject to standard personnel policies having general application in the administration of government.

Since we hold that the appellant corporations are not state agencies within the meaning of KRS 61.510, it follows that they were not brought into the retirement system by Governor Breathitt's executive order.

The judgment is reversed with directions to enter judgment dismissing the complaint.

All concur.