**Jackie L. WADE, Appellant,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF the TREASURY; Robert Mead CPA, Treasurer; and Commonwealth of Kentucky, State Personnel Board, Appellees.**

**No. 91–CA–000617–MR.**

Court of Appeals of Kentucky.

July 3, 1992.

Discretionary Review Denied by Supreme Court Dec. 9, 1992.

Donald Duff, Frankfort, for appellant.

Edward L. Fossett, Frankfort, for appellees, Com. of Kentucky, Dept. of Treasury and Robert Mead CPA, Treasurer.

Steven G. Bolton, Frankfort, for appellee, Com. of Kentucky, State Personnel Bd.

Before LESTER, C.J., and JOHNSON and SCHRODER, JJ.

SCHRODER, Judge.

This is an appeal from a judgment entered in the Franklin Circuit Court affirming an order of the State Personnel Board sustaining the dismissal of a classified state employee of the Kentucky Department of the Treasury. The appellant argues the dismissal was contrary to law and not supported by substantial evidence. We disagree as to both contentions and, thus, affirm.

Appellant, Jackie L. Wade ("Wade"), was a merit or classified employee of appellee, Kentucky Department of the Treasury (the "Department") and had been so employed

by the Department for 20 years. Wade held the position of a Programmer Analyst Chief whose duties were to formulate programs for the Department computers. In October of 1988, Wade was notified that the Department intended to dismiss him at the close of business on October 20, 1988. Following a pre-termination conference, Wade was given notice by letter dated October 18, 1988, that he was dismissed effective October 20, 1988. The grounds for dismissal as contained in the notices were as follows:

1. Your inability to perform the duties as Program Analyst Chief on the IBM System 38 Computer; and

2. You have shown you do not have the ability or initiative to learn the programming technique on this system.

Subsequently, Wade appealed his dismissal to the appellee, Kentucky Personnel Board (the "Board"). After a hearing on the matter, the Board entered an order sustaining Wade's dismissal. Wade then appealed to the Franklin Circuit Court which affirmed the Board's decision. This appeal to our Court followed.

■ Wade's first argument is that his dismissal was contrary to KRS 18A.112(14) which provides:

If an employee receives a "fails to meet performance requirements" rating in all categories on two (2) successive evaluations, he shall be:

(a) Demoted to a position commensurate with his abilities; or

(b) Terminated.

It is undisputed that Wade received a performance evaluation of "meets" in all five rating categories for the period of January 1, 1987, through December 31, 1987, which was his last evaluation prior to his dismissal. It is Wade's position that under KRS 18A.112(14), a classified employee cannot be dismissed for unsatisfactory performance unless he has received the two successive unsatisfactory performance evaluations per the statute. The appellees argue that 101 KAR 2.090 Sec-

tion 1 controls on this issue and is not in conflict with KRS 18A.090. 101 KAR 2.090 Section 1 provides [1]:

Except as otherwise provided in these regulations, the tenure of an employee with status shall be during good behavior and the satisfactory performance of his duties.

Appellees maintain that under KRS 18A.095 and 101 KAR 2.090 Section 1, a classified employee can be dismissed for poor performance without waiting for the two successive unsatisfactory performance evaluations. We agree.

KRS 18A.095(1) states as follows:

A classified employee with status shall not be dismissed, demoted, suspended or otherwise penalized except for cause.

Neither KRS 18A.095(1) nor 101 KAR 2.090(1) condition an employee's termination on anything but cause, bad behavior, or unsatisfactory performance. KRS 18A.112 relates only to the requirements surrounding performance evaluations and is not a statute relating to conditions of termination. In fact, 18A.112(2) states, "[s]alary advancements, promotions, and demotions shall be determined by an employee's performance evaluation." There is no mention of termination in that section.

■ It has long been held that a statute must not be interpreted so as to bring about an absurd or unreasonable result. *George v. Alcoholic Beverage Control Bd.*, Ky., 421 S.W.2d 569 (1967). The policy and purpose of the statute will be considered in determining the meaning of the words used. *Kentucky Region Eight v. Com.*, Ky., 507 S.W.2d 489 (1974).

■ From our reading of KRS 18A.112(14), the statute simply mandates that if an employee received two successive unsatisfactory performance evaluations, he must be demoted or terminated. However, in our view, the statute does not mandate that *all* classified employees who are terminated for unsatisfactory performance must

---

**1.** 101 KAR 2.090 has since expired (7–13–90) and there is currently no similar regulation in effect.

receive two successive unsatisfactory performance evaluations. In other words, satisfactory performance evaluations are a condition for continued employment, whereas unsatisfactory performance evaluations are *not* a condition for termination. To hold otherwise would frustrate one of the main purposes of the merit system, which is presumably to encourage and reward continued satisfactory performance in state government. We believe it would be wholly unreasonable to require the state to wait two evaluation periods before it could terminate an unsatisfactory employee.

■ Wade next argues that his dismissal was contrary to law because the notice of dismissal lacked the specificity required by KRS 18A.095(7)(b). KRS 18A.095(7)(b) requires that the employee must be notified in writing of the specific reason for the dismissal, including:

1. The statutory or regulatory violation;
2. The specific action or activity on which the dismissal or other penalization is based;
3. The date, time and place of such action or activity; and
4. The name of the parties involved.

From our review of the notice, we believe that it contained ample and quite detailed facts regarding Wade's alleged unsatisfactory performance such that Wade was provided with sufficient opportunity to reply to the charges. *See Goss v. Personnel Board*, Ky., 456 S.W.2d 819 (1970).

■ Finally, Wade argues that the Board's decision was not supported by substantial evidence. While it is true that in a proceeding involving a state merit employee, the appointing authority has the burden of proving the grounds for and validity of the basis for dismissal, *see Commonwealth, Transp. Cabinet v. Woodall*, Ky. App., 735 S.W.2d 335 (1987), we are still bound by the Board's finding sustaining the dismissal if it is supported by substan-

tial evidence. *Taylor v. Coblin*, Ky., 461 S.W.2d 78 (1970). The test of substantiality of evidence was set forth in *Kentucky State Racing Comm'n. v. Fuller*, Ky., 481 S.W.2d 298, 308 (1972), as follows:

[W]hether when taken alone or in the light of all the evidence it has sufficient probative value to induce conviction in the minds of reasonable men.

■ Wade makes much of the fact that the Treasurer, Mead CPA, was the only witness in the Department's case in chief and much of his testimony was hearsay. However, hearsay evidence is admissible in an administrative proceeding, provided it is relevant and material. *Myers v. Secretary of Health and Human Services*, 893 F.2d 840 (6th Cir., 1990). Mead CPA testified that he observed Wade doing nothing at work much of the time and that Wade admitted to him that he could not program the IBM S/38 Computer which the Department had been using since 1986. Mead CPA further testified and offered proof that Wade had received adequate training on the IBM S/38 Computer. Finally, Mead CPA testified that the Department had tested Wade's ability to program the IBM S/38 by assigning him a simple program and found that he was unable to satisfactorily complete the program by the deadline. In our view, the above evidence was material, relevant, and substantial enough to support the Board's findings.

For the reasons stated above, the judgment of the Franklin Circuit Court is affirmed.

All concur.